EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* ARCADIO RIVERA, acusado y recurrente.

*Número:* CE-65-16          *Resuelto:* 23 de noviembre de 1965

*Luis A. Archilla Laugier,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

RESOLUCIÓN

(En Moción de Reconsideración)

San Juan, Puerto Rico, 23 de noviembre de 1965

Este caso se originó en el Tribunal de Distrito. Apelada la sentencia condenatoria el Tribunal Superior dictó opinión y sentencia confirmándola el 22 de junio. Esta sentencia fue notificada al recurrente por correo dos días después, el 24 de junio de 1965.

El recurrente interpuso el presente recurso de *certiorari* el 23 de julio de 1965. El Procurador General solicitó la desestimación por haberse radicado fuera de tiempo, o sea a los 31 días de haberse dictado la sentencia en junio 22. Por Resolución de 16 de septiembre de 1965 y por ese fundamento, desestimamos el recurso por falta de jurisdicción. El recurrente sostiene en reconsideración que su recurso se radicó en tiempo a partir del 24 de junio de 1965, fecha en que fue notificado por correo de la sentencia.

El recurso de *certiorari* que se concede de sentencias condenatorias en lo criminal dictadas por el Tribunal de Distrito y confirmadas por el Tribunal Superior no tenía término alguno de presentación hasta que se aprobó la Regla 217 de Procedimiento Criminal de 1963. Esta dispone que la sentencia dictada en apelación por el Tribunal Superior podrá ser revisada por el Tribunal Supremo mediante *certiorari* a ser librado a su discreción, y la solicitud de *certiorari* deberá presentarse dentro de los 30 días siguientes a la fecha en que fue dictada la sentencia del Tribunal Superior o en que fue resuelta una moción de reconsideración, si alguna se hubiere presentado.

La Regla 217 contiene un trámite posterior al de la Regla 216 que dispone todo el procedimiento para apelar ante el Tribunal Superior de las sentencias condenatorias dictadas por el Tribunal de Distrito. Dispone el apartado (j) de la Regla 216 que cualquier parte perjudicada por una sentencia dictada en apelación podrá, dentro del término improrrogable de 15 días "desde la fecha del archivo en autos de la notificación de la sentencia", radicar en la sala del Tribunal Superior que la hubiere dictado una moción interesando la reconsideración de la sentencia. Dispone también que 15 días "después de archivada en autos la constancia de la notificación de la sentencia dictada en apelación" ó 5 días después de resuelta una moción de reconsideración, si alguna se hubiere presentado, el Secretario devolverá a la sala del Tribunal de Distrito de donde procediere el caso, el expediente original del mismo con copia certificada de la sentencia dictada en apelación. Recibidos estos documentos en el Tribunal de Distrito, se llevará a efecto en dicho Tribunal toda la tramitación ulterior para la ejecución de la sentencia.

Se observará que el término para pedir una reconsideración de la sentencia dictada por el Tribunal Superior no comienza a contar sino hasta la fecha del archivo en autos de la notificación de dicha sentencia. Se observará también que

la Regla 216 no concede *finalidad* a la sentencia dictada en apelación por el Tribunal Superior a los fines de su ejecución, sino hasta que se haya archivado en autos la constancia de la notificación de la sentencia dictada, que es cuando el Secretario está autorizado a devolver a la Sala del Tribunal de distrito los autos de modo que se proceda a la ejecución.

Ha sido la remota tradición procesal nuestra, tanto en lo civil como en lo criminal, que los períodos para pedir reconsideración, apelar, revisar o ejecutar sentencias dictadas por los tribunales, empiezan a contar desde que la sentencia se notifica y queda constancia en autos del archivo de dicha notificación. Es cierto que la Regla 217 dispone un período de 30 días para presentar *certiorari*, siguientes a la fecha en que la sentencia fue dictada o resuelta una moción de reconsideración. No nos parece que hubiera un motivo particular en la Regla 217 para alterar la norma procesal consagrada por tanto tiempo, particularmente cuando dicha norma se siguió en la Regla 216 tanto a los fines de pedir la reconsideración de la sentencia como a los fines aún más importantes de proceder a su ejecución.

Además, en la Regla 15.1 (b) de nuestro Reglamento que establece el trámite para este tipo de *certiorari*, exigimos al recurrente expresar en la solicitud "la fecha en que se dictó la resolución o sentencia que se impugna, así como la del archivo en autos *de la constancia de su notificación a las partes.*"

Debe aplicarse la Regla 217 en armonía con la 216 y con nuestro Reglamento en el sentido de que el término para presentar *certiorari* ante este Tribunal comienza a contarse a partir de la fecha en que la sentencia fuera dictada y notificada a la parte en la forma dispuesta en la Regla 216. Se deja sin efecto nuestra Resolución de 16 de septiembre de 1965, se reinstala el recurso, y se concede al Procurador un término de 10 días desde que fuere notificado de la presente para que radique objeción a la expedición del recurso.

Lo acordó el Tribunal y firma el Señor Juez Presidente. El Juez Asociado Señor Rigau disintió.

(Fdo.)  Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.)  Joaquín Berríos
*Secretario Interino*